## POTT *v.* ARTHUR.

Books imported in August, 1874, were subject to a duty of twenty-five per cent
*ad valorem.*

ERROR to the Circuit Court of the United States for the
Southern District of New York.

The facts are stated in the opinion of the court.

*Mr. Edward Hartley* and *Mr. Walter H. Coleman* for the plain-
tiffs in error.

*The Solicitor-General* for the defendant in error.

MR. JUSTICE BRADLEY delivered the opinion of the court.

This was an action brought by James Pott, Edwin Young,
and James B. Young, against Arthur, the collector of customs
of New York, to recover back duties paid on books imported in
August, 1874. A duty of twenty-five per cent *ad valorem* was
exacted ; whilst the plaintiffs claim that they should have been
required to pay only ninety per cent of that amount, or twenty-
two and a half per cent *ad valorem.*

As the law stood at the time, in sect. 2504, schedule M, of
the Revised Statutes, a duty of twenty-five per cent *ad valorem.*
was imposed on " books, pamphlets, blank books, &c." But by
sect. 2503 it was provided that, on the goods enumerated therein,
only ninety per cent of the duties imposed by the said schedules
should be levied and collected; and amongst the articles enu-
merated for the reduction were those contained in the following
specification : " All paper and manufactures of paper, except-
ing unsized printing paper, books and other printed matter, and
excepting sized or glazed paper suitable only for printing
paper.".

Of course the articles expressly excepted in this clause are
not entitled to the proposed reduction. The question is whether,
by the words used, books are excepted from the general class
of articles designated as paper and manufactures of paper,
intended to be benefited, or whether they are enumerated as
independent articles entitled to the reduction. The plaintiffs
contend that they are not embraced in the exception because

they do not properly belong to the class of articles designated as " paper and manufactures of paper ; " and cannot, therefore, be excepted therefrom. A thing that is excepted, they argue, must necessarily belong to the class of things from which it is excepted. This, of course, is true, as a general proposition, but the question is whether it applies to the clause of the act in question. No man of literary culture, it is true, would call a book paper or a manufacture of paper, any more than he would designate a masterpiece of Raphael as canvas or a manufacture of canvas. By a license of speech, it is true, he might say that a particular book was mere waste paper, or rubbish, or that a particular picture was nothing but a piece of spoiled canvas ; but speaking seriously, and in accordance with good usage, he would not make such an application of terms. All this, however, has little to do in construing the act in question. If Congress had reduced the duty on all manufactures of wood and leather except cutlery, we should be obliged to regard cutlery as excepted in the particular case, from the manufactures of wood and leather intended to be benefited by the law. Our duty is to get at the intent of the law : we are not responsible for its style. And in the present case the intent seems to be unmistakable. The language under consideration first appeared in the act of June 6, 1872, c. 315, and was not accompanied by the concluding exception, but read as follows : " On all paper and manufactures of paper, excepting unsized printing paper, books, and other printed matter." The additional exception was added in the revision. It can hardly be doubted that, as the words were used in that act, " books and other printed matter " were included in the exception. We have no doubt that such is the intent and meaning of the same words in the Revised Statutes. In transferring the language, it is to be presumed that it was intended to transfer the sense.

*Judgment affirmed.*